UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROBERT LEWIS JOHNSON,

        Plaintiff,                     Case No. 2:07-cv-155

v.                                         Honorable R. Allan Edgar

JOHN RUBITSCHUN, et al.,

        Defendants.
_____/

## OPINION AND ORDER APPROVING MAGISTRATE JUDGE'S

## REPORT AND RECOMMENDATION

The Court has reviewed the Report and Recommendation filed by the United States Magistrate Judge on December 14, 2007. The Report and Recommendation was duly served on the parties. The Court received objections and a motion to amend complaint from the Plaintiff. In accordance with 28 U.S.C. § 636(b)(1), the Court has performed *de novo* consideration of those portions of the Report and Recommendation to which objection has been made. The Court now finds the objections to be without merit.

In the report and recommendation, the Magistrate Judge found that because Plaintiff had no liberty interest in parole, he failed to state a valid due process claim. In his objections, Plaintiff states that he is not seeking parole, but merely an opportunity to be heard by the Michigan Parole Board. However, without a liberty interest at stake, a prisoner cannot assert a valid due process claim. As noted by the Magistrate Judge in the report and recommendation, a liberty interest is present only if state law entitles an inmate to release on parole. *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991).

In Plaintiff's motion to amend (docket #8), he states that Defendant Govern refused to provide Plaintiff with cleaning supplies for his cell and an "exchange of clothing list." In addition, Defendant Govern improperly scored Plaintiff's security classification, resulting in a low probability of parole. Plaintiff also claims that Defendant Niemisto had supervisory authority over Defendant Govern, but failed to take corrective action. Finally, Plaintiff claims that Defendant Govern verbally harassed Plaintiff on a variety of occasions.

The court notes that Plaintiff's motion to amend is properly denied because his proposed amended complaint fails to state a claim. As noted above, Plaintiff's claims regarding his parole hearing are properly dismissed because he has no liberty interest in parole. In addition, Plaintiff appears to be asserting a violation of his Eighth Amendment rights by Defendants Govern and Niemisto. An Eighth Amendment claim is stated where a prisoner is denied some element of civilized human existence due to deliberate indifference or wantonness. *Wilson v. Seiter*, 501 U.S. 294 (1991); *see also Hudson v. McMillian*, 503 U.S. 1 (1992); *Street v. Corrections Corp. of America*, 102 F.3d 810, 814 (6th Cir. 1996). In sum, this prong of the Eighth Amendment affords protection against conditions of confinement which constitute health threats, but not against those which cause mere discomfort or inconvenience. *Hudson*, 503 U.S. at 9-10 (requiring "extreme" or "grave" deprivation); *Wilson v. Lynaugh*, 878 F.2d 846, 849 (5th Cir. 1989), *cert. denied*, 493 U.S. 969 (1989); *Harris v. Fleming*, 839 F.2d 1232, 1235-36 (7th Cir. 1988). Plaintiff has not alleged a deprivation which triggers this form of Eighth Amendment scrutiny.

THEREFORE, IT IS ORDERED that the Report and Recommendation of the Magistrate Judge is approved and adopted as the opinion of the court and plaintiff's action will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c). This is a dismissal described by 28 U.S.C. § 1915(g).

- 3 -

IT IS FURTHER ORDERED that an appeal of this action would not be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should plaintiff appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455 appellate filing fee in one lump sum. Accordingly, should plaintiff seek to appeal this matter to the Sixth Circuit, the appeal would be frivolous and not taken in good faith.

Dated:     5/28/08                     */s/ R. Allan Edgar*
                                       R. ALLAN EDGAR
                                       UNITED STATES DISTRICT JUDGE